UNITED STATES DISTRICT COURT      **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 1 of 12 |
|---|---|---|---|

Present: The Honorable      DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE MOTION TO DISMISS, MOTION TO TRANSFER, AND MOTION TO REMAND [13, 16, 21]**

## I.
## PROCEDURAL BACKGROUND

On March 30, 2015, Plaintiff SP Investment Fund ("SP") filed a complaint against Defendant Harold Lowry individually and on behalf of the Estate of Mary E. Lowry for breach of contract and conversion.  (Notice of Removal, Ex. A ("Compl.") [Doc. # 1-1].)  The dispute originates from a Purchase and Sale Agreement entered into by Lowry and SP in April of 2011.  (*See Compl.*)

On August 10, 2015, Mary Susan Morehouse, acting on behalf of the Estates of Harold Lowry and Mary E. Lowry ("Defendant"), removed this case to this Court on the basis of diversity jurisdiction.  (Notice of Removal [Doc. # 1].)

On August 17, 2015, Defendant filed a motion to dismiss ("MTD") for lack of personal jurisdiction.  [Doc. #13.]  On September 4, 2015, SP filed an opposition ("MTD Opp.").  [Doc. # 17.]  On September 11, 2015, Defendant filed a reply ("MTD Reply").  [Doc. # 24.]

On August 17, 2015, Defendant filed a motion to transfer venue ("Transfer") to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1404(a).  [Doc. #16.]  On September 4, 2015, SP filed an opposition ("Transfer Opp.").  [Doc. # 19.]  On September 11, 2015, Defendant filed a reply ("Transfer Reply").  [Doc. # 28.]

On September 9, 2015, SP filed a motion to remand ("Remand"), claiming that the forum selection clause signed by both parties mandates this Court to remand the action to the Los Angeles County Superior Court.  [Doc. # 21.]  On September 25, 2015, Defendant filed an

UNITED STATES DISTRICT COURT     **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | | Date | February 11, 2015 |
|---|---|---|---|---|
| Title | ***SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry*** | Page | 2 of 12 |

opposition ("Remand Opp."). [Doc. #31.] On September 28, 2015, SP filed a reply ("Remand Reply"). [Doc. #32.]

On October 8, 2015, the Court took the matters under submission, deeming them appropriate for decision without oral argument. [Doc. # 35.] For the reasons stated herein, SP's motion to remand is **DENIED**; Defendant's motion to transfer to the Western District of New York is **GRANTED**; and Defendant's motion to dismiss is **DENIED** as moot.

## II.
## FACTUAL BACKGROUND

SP is a California limited liability company doing business in Los Angeles County, California. (Compl. ¶ 1.) At the time of his death and at all times relevant to the allegations in the complaint, Lowry resided in and was a citizen of the State of New York. (Declaration of Mary Susan Morehouse in support of Motion to Dismiss ("Morehouse MTD Decl.") ¶ 2 [Doc. # 14].) Lowry passed away on October 24, 2014, and his daughter, Mary Susan Morehouse, is the executrix of his estate. (*Id.*)

On April 5, 2011, Gil Seton, Jr., the manager of SP, sent a letter to the Estate of Mary E. Lowry ("Estate"), care of Harold Lowry, soliciting the sale of a 0.91655% limited partnership interest ("Partnership Interest") in Newport Highlands Associates ("NHA"). (Declaration of Susan Morehouse in Support of Motion to Transfer ("Morehouse Transfer Decl."), Ex. 2 ("Solicitation Letter") [Doc. #25.].) NHA is a New York limited partnership which owns low-income residential rental property in New York. (Compl. ¶ 5.)

On April 8, 2011, SP sent Lowry a Purchase and Sale Agreement to sell SP all rights and claims related to the Partnership Interest for $2,300. (Compl, Ex. A. ("Agreement") at 1 [Doc. # 1-1].) Prior to sending the Agreement, Seton spoke with Lowry by telephone on more than one occasion. (Declaration of Gil Seton, Jr. in Opposition to Motion to Transfer ("Seton Transfer Decl.") ¶ 2 [Doc. # 20].) During these telephone conversations, Lowry asked specific questions about the Agreement, and, according to Seton, did not demonstrate any signs of dementia or lack of understanding. (*Id.*) Lowry signed the Agreement on April 13, 2011 on behalf of himself and the Estate. (*Id.* at 1, 3.) On or about April 8, 2011, SP paid Lowry $2,300, pursuant to the Agreement. (Compl. ¶ 6; *see also* Seton Transfer Decl. ¶ 3, Ex. B.) Lowry was 83 years old at the time the Agreement was executed. (*See* Morehouse MTD Decl., Ex. 1 ("Certificate of Death") [Doc. # 14-1].)

UNITED STATES DISTRICT COURT          **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 3 of 12 |
|---|---|---|---|

The Agreement states, *inter alia*, that the Seller had a limited time period during which to obtain any approvals, consents, or other actions of the Partnership that were necessary for SP to receive the full benefits of the Partnership Interest ("Necessary Approvals"). (Agreement ¶ 1.m.) The Agreement also states that the Seller has the full right, power, and authority to transfer the partnership interest to the Buyer, subject to the Buyer obtaining any Necessary Approvals. (*Id.* ¶ 4.e.) The Agreement states that the Buyer's obligation to "close" the deal is conditioned upon several "Conditions Precedent" which include the requirement that the Necessary Approvals have been obtained or are no longer necessary and that the Seller has performed his obligations under the Agreement. (*Id.* ¶ 8.) The Agreement provides for the possibility of closing without the Necessary Approvals under certain conditions, including that the Buyer or Seller continue to seek the Necessary Approvals or that the Buyer simply elect to accept the Assignment without the Necessary Approvals. (*Id.* ¶ 10.)

Lowry was diagnosed with moderately severe Alzheimer's dementia in 2007. (Morehouse MTD Decl. ¶ 4.) By 2011, his dementia had become worse, and his memory was very faulty. (*Id.*) Lowry's tendency to become confused and forgetful was first brought to the attention of his doctor, Dr. B. Tarantino of the Rochester Medical Group, by his family in January of 2011. (Morehouse Transfer Decl., Ex. 1 ("Tarantino Note") [Doc. # 25-1].) Around that time, Lowry was given a CT brain scan, which showed evidence of small vessel ischemia which can contribute to dementia. (*Id.*) Tarantino's office notes in January and February of 2011 document that Lowry seemed confused and was forgetful. (*Id.*) In February, 2011, Lowry was given medication for his dementia. (*Id.*) He did not tolerate the first therapy, and discontinued it after the first month. (*Id.*) In April, 2011, Lowry started a new medication for his dementia. (*Id.*) Lowry's cognitive status did not show significant improvement after he started the second therapy, and the Alzheimer's dementia continued to cause him to have cognitive and memory deficits and poor judgment. (*Id.*) Lowry's condition was permanent and continued to progress and worsen until his death on October 24, 2014. (*Id.*)

In April, 2011, Morehouse learned that her father had executed the Agreement purporting to transfer the Partnership Interest. (Morehouse MTD Decl. ¶ 5.) She subsequently contacted NHA and was informed that the interest in NHA could not be transferred without NHA's consent. (*Id.* ¶ 6.) On April 12, 2011, the attorney for NHA sent a letter to Seton stating that, pursuant to the Limited Partnership Agreement, limited partners are not permitted to transfer their partnership interest without the consent of the Operating General Partner ("OGP"), and any transferee who proposed to acquire an interested of a limited partner is also subject to the consent of the OGP. (Seton Transfer Decl., Ex. C ("NHA Letter") [Doc. # 20-3].) The letter stated that the OGP would not consent to any transfers of limited partner interest or entry of any new

UNITED STATES DISTRICT COURT       **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | ***SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry*** | Page | 4 of 12 |
|---|---|---|---|

limited partners. (*Id.*) The letter stated that NHA would not provide copies of recent financial reports, as such reports contained confidential personal information of NHA's Limited Partners, and that NHA's counsel had not been able to locate any authorization for SP to do business in New York State. (*Id.*)

On September 15, 2011, Morehouse sent a letter to Seton regarding the Agreement, and requested that SP return Lowry's Partnership Interest in exchange for a refund of the $2,300. (Morehouse MTD Decl. ¶ 7, Ex. 4.) The letter stated that Morehouse had the Power of Attorney for Lowry, and that, at the time SP offered to buy the Limited Partnership, Lowry suffered from mild dementia and was not capable of being responsible for his own financial decisions. (*Id.*) Morehouse stated in the letter that when Lowry saw the Agreement letter, he believed it to be an offer from NHA to buy back his Partnership Interest. (*Id.*) Morehouse stated that Lowry signed the Agreement and deposited the check without consulting anyone, and, in doing so, did not remember that he was not allowed to sell his interest without NHA's permission. (*Id.*) The letter also stated that, because of Lowry's age and condition, and her suspicion that SP knew of the requirement that NHA agree to the sale when soliciting Lowry, Morehouse had contacted the New York State Attorney General's Office, and that the case was now under investigation. (*Id.*) The letter stated that Morehouse had also contacted her father's attorney, and he was similarly concerned that this was a case of fraud. (*Id.*)

Throughout the remainder of 2011 and 2012, Seton, Morehouse, and Lowry's attorney exchanged numerous letters regarding the Agreement. (*See* Seton Transfer Decl., Exs. E-M.) In spite of the disagreement over the validity of the Agreement, Seton sent a letter to Lowry dated June 29, 2012 ("June 29 Letter"), in which he stated that, while the Necessary Approvals for the transfer of the Partnership Interest had not yet been obtained, SP was electing to close the transaction, and that Lowry would be obligated to immediately turn over all benefits related to the Partnership to SP while continuing to seek the Necessary Approvals.[1] (Seton Transfer Decl., Ex. H.) The letter stated that the closing would be effective as of June 29, 2012, the date of the letter, and that as a result SP would be entitled to all income, loss, distributions, and proceeds received from the Partnership Interest, even if Lowry's name remained on the Partnership Interest. (*Id.*) The letter stated that, in the future, Lowry would be obligated to vote as SP directed in any decisions related to the Partnership. (*Id.*)

---

[1] Seton's June 29, 2012 letter appears to entirely ignore the fact that the Necessary Approvals not only had not been obtained, but would, in fact, be *impossible* to obtain, given that NHA had previously informed SP that they had not and would not grant the required approval for Lowry to sell or transfer his Partnership Interest. (*See* NHA Letter.) The Court notes that this undermines any assertion that SP was engaged in good faith negotiations with Lowry.

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT          **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | ***SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry*** | Page | 5 of 12 |
|---|---|---|---|

The Agreement contains a forum selection clause and a choice-of-law clause, both of which are relevant to SP's motion to remand and Defendant's motions to dismiss and transfer. The Agreement states that:

> The Agreement shall be governed by and construed under the laws of the State of California. The parties consent to the jurisdiction of Los Angeles Superior Court of the State of California to decide all disputes arising out of the Agreement. Seller waives any claim that the Los Angeles Superior Court is an inconvenient forum or lacks jurisdiction over Seller.

(*Id.* ¶ 11.)

Before this Court can evaluate Morehouse's motions to transfer and dismiss, the Court must first determine whether the removal based on diversity jurisdiction was proper and whether the Agreement's forum selection clause requires that this Court remand the case.

## III.
## DISCUSSION

**A.     Motion to Remand**

Morehouse removed this case from Los Angeles Superior Court on the basis of diversity jurisdiction. (Notice of Removal.) SP has moved to remand the case on the basis that the forum selection clause obligates the parties to litigate in Los Angeles Superior Court.

**1.     Removal**

A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (internal quotation marks omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted.)

UNITED STATES DISTRICT COURT          **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | | Date | February 11, 2015 |
|---|---|---|---|---|

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 6 of 12 |
|---|---|---|---|

A district court shall have subject matter jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332.

Until the time of his death, Lowry was a resident and citizen of the State of New York at all times relevant.  Morehouse is a citizen of the State of New York and, in any event, as the legal representative of Lowry's Estate, is "deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).  SP is incorporated in and/or its place of business is in the State of California.  (Compl. ¶ 1.)  SP's complaint specifies that it is seeking $145,000 in damages.  (*Id.* ¶ 19.)  Defendant has met her burden of demonstrating that this Court has diversity jurisdiction over this action, and that removal to this Court was proper.

## 2.      Forum Selection Clause

SPI contends that this case should be remanded because the forum selection clause indicates that Los Angeles Superior Court is the exclusive forum in which the parties may litigate any disputes arising out of the Agreement.  (Remand at 6.)  Lowry asserts that the forum selection clause is permissive, and remand is therefore not required.  (Remand Opp. at 2.)

In diversity jurisdiction cases, federal law applies to the interpretation of forum selection clauses.  *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 513 (9th Cir.1988) ("We conclude that the federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule . . . controls enforcement of forum clauses in diversity cases.").  In ruling on a motion to enforce a forum selection clause, a court need not accept the pleadings as true, and facts outside the pleadings may be properly considered.  *Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 755 (N.D. Cal. 2004) (internal citation omitted).  The trial court must, however, draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party.  *Id.* (internal citation omitted).

A forum selection clause may be either mandatory or permissive.  If a venue is specified with mandatory language, a forum selection clause will generally be enforced.  *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).  "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."  *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).  "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive."  *Docksider*, 875 F.2d at 764.

UNITED STATES DISTRICT COURT       **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 7 of 12 |
|---|---|---|---|

The primary rule of contract interpretation is that words will be given their common or ordinary meaning. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (internal quotations omitted). In this case, the plain language of the Agreement contains no mandatory or exclusive language regarding venue. The Agreement states that the "parties consent to the jurisdiction of Los Angeles Superior Court of the State of California to decide all disputes arising out of the Agreement." (Agreement ¶ 11.) This clause indicates that the parties consent to the jurisdiction of Los Angeles Superior Court, but contains no language designating it as the *only* forum for relevant disputes. *See Hunt*, 817 F.2d at 77 (forum selection clause permissive where agreement stated that "Orange County courts shall have jurisdiction over this action."). Here, the plain language of the clause indicates that it is permissive, not mandatory.

Even if the Court found this language to be ambiguous (which it does not), "[a]nother fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract." *Hunt*, 817 F.2d at 78. Construing the language against SP, the Court would conclude that the clause does not provide for an exclusive forum.

SP's motion to remand on the basis of the forum selection clause is therefore **DENIED**.

**B.     Motion to Transfer Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue lies within the broad discretion of the district court, and must be determined on an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). Defendant bears the burden to prove that the transfer forum is more convenient, rather than "equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S. Ct. 805, 824, 11 L. Ed. 2d 945 (1964).

In determining whether a transfer is proper, a court must follow a two-step analysis. First, as a threshold question, the court must consider whether the case could have been brought in the forum the moving party seeks to transfer the case. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Second, a court must consider both private factors, which go to the convenience of the parties and witnesses, and public factors, which go to the interests of justice.

UNITED STATES DISTRICT COURT      **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 8 of 12 |
|---|---|---|---|

### 1.    The Action Could Have Been Brought in the Alternative Forum

Lowry and Morehouse are both residents and citizens of the State of New York, and the events giving rise to the dispute took place in New York. Therefore, this action could initially have been filed in the Western District of New York.

### 2.    Private Factors

In evaluating convenience and fairness, a court may consider the following private factors: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two fora; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99 (citing *Stewart*, 487 U.S. at 29-31; *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).

#### a.    The Location of Agreement Negotiation and Execution

The parties appear to have negotiated and executed the Agreement by telephone and mail from their respective residences and corporate headquarters in New York and California. There is no indication that either party travelled outside of their home state for the negotiation or execution of the Agreement. Therefore, both California and New York may be considered locations where the Agreement was negotiated, and this factor is neutral as to transfer. *See, e.g., W. Marine, Inc. v. Watercraft Superstore, Inc.*, No. C11-04459 HRL, 2012 WL 479677, at *8 (N.D. Cal. Feb. 14, 2012) (where the contract at issue was negotiated entirely through phone calls and emails, the location of negotiation and execution factor was neutral).

Some courts have noted that, in assessing this factor, the contract may be considered to have been formed "in the place where the last act occurred necessary to give the contract binding effect under the forum's rules of offer and acceptance." *Ezieme v. Ward Int'l Trading, Inc.*, No. CV 08-6748 PSG JWJx, 2009 WL 2818394, at *6 (C.D. Cal. Aug. 31, 2009) (contract formed in California where last party to sign the agreement signed in California). In this instance, while the parties dispute whether the Agreement is valid, the last act in the formation of the Agreement occurred when Lowry signed the contract in New York. This weighs slightly in favor of a transfer of venue.

---

UNITED STATES DISTRICT COURT          **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 9 of 12 |

### b.   Familiarity with Applicable Law

The Agreement provides that California law will be the choice of law in case of dispute. (Agreement ¶ 11.)  Because district courts sitting in California are generally more familiar with California law than courts sitting in New York, this factor weighs slightly against transfer.  *See Burger King*, 471 U.S. at 481-82.

Given that the crux of the dispute is whether or not Lowry's dementia made him capable of contracting, however, "it seems likely the resolution of this action will depend less on expertise in California law and more on the court's fact-finding function." *Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013).  Thus, the familiarity of the law factor carries less weight. *Id.*  (familiarity with applicable law factor neutral where the facts, not the law, were most central to the case).

### c.   Plaintiff's Choice of Forum

SP has chosen to litigate this action in California.  Generally, a plaintiff's choice of forum will not be disturbed absent a showing that the convenience and justice factors weigh strongly in favor of transfer.  *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) (internal citations omitted).  The deference afforded a plaintiff's choice of forum is substantially reduced, however, when the venue lacks a significant connection to the activities alleged in the complaint.  *See Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."); *see also Pfeiffer v. Himax Technologies, Inc.*, 530 F. Supp. 2d 1121, 1126 (C.D. Cal. 2008) ("the Central District has little connection to the operative facts, the parties, or the subject matter of the action and . . .  as a result, plaintiff's choice of forum is entitled to only minimal consideration.").

Here, the only connection SP has to the venue is that its principal place of business is in California.  There is no evidence from either party that Lowry was physically present in California at any time relevant to the signing or executing of the Agreement.  The Agreement was signed in New York, NHA is located in New York, and evidence related to the validity of the Agreement, namely evidence from Dr. Tarantino and Lowry's family members, is also located in New York.  In sum, because California lacks a significant connection to the activities alleged in the complaint, this factor weighs only minimally against transfer.

UNITED STATES DISTRICT COURT          **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 10 of 12 |
|---|---|---|---|

### d.      The Parties' Contacts with the Chosen Forum

As discussed above, the entire negotiation and execution of the Agreement was via phone calls and mail. The only contact SP has to this forum is by virtue of its place of business and place of incorporation. Lowry, on the other hand, was not a resident of California and made no physical contact with California for the purpose of negotiating or executing the Agreement. Lowry resided in New York at all relevant times, and Morehouse resides there now.

By sending a solicitation letter to Lowry, SP had at least some contact with New York, while Lowry had none with California. *See CFA N. Cal., Inc. v. CRT Partners LLP*, 378 F. Supp. 2d 1177, 1183 (N.D. Cal. 2005) (soliciting or engaging in business in forum state a factor in considering the extent of a party's contacts). Therefore, this factor weighs in favor of transfer.

### e.      Differences in Litigation Costs

Neither party provides any evidence demonstrating any differences in litigation costs between the Central District of California and the Western District of New York. Thus, this factor is neutral.

### f.      Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

SP has provided no indication of potential unwilling non-party witnesses it might wish to call at trial. On the other hand, Morehouse identifies one non-party witness, namely Dr. Tarantino, but fails to show why he would be an "unwilling" witness. This factor is, therefore, neutral.

### g.      Ease of Access to Sources of Proof

The ease of access to proof weighs considerably in favor of a transfer of venue. Lowry's primary physician, Dr. Tarantino, is located in New York. His testimony is likely to be critical in establishing whether or not Lowry's dementia renders the Agreement invalid, and SP will likely wish to depose him. The convenience of non-party witness, such as Dr. Tarantino, is "often the most important factor to be considered in ruling on a motion under [section] 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (holding that convenience of the non-party witnesses weighs heavily in favor of transfer and was sufficient reason to grant a transfer).

UNITED STATES DISTRICT COURT           **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-6029 DMG (AGRx)** | Date | February 11, 2015 |
|---|---|---|---|

| Title | ***SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry*** | Page | 11 of 12 |
|---|---|---|---|

Because Lowry was a resident of New York, additional and potential evidence or witnesses pertaining to his capacity to contract will likely be in New York. Any witnesses from NHA itself are likely to be located in New York, and any activities related to the Partnership Interest are likely to have occurred in New York. SP suggests no sources of proof originating from California. In sum, New York provides a greater ease of access to evidence than California. Accordingly, this factor strongly favors transfer.

### 3.     Public Factors

Relevant public interest considerations include degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty." *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

These public factors are largely neutral, in this case. Both California and New York have an interest in deciding this action as SP and Lowry are citizens of their respective states. There is no evidence of court congestion, conflicts of laws, or risk of burdening citizens of an unrelated forum with jury duty. The public factors, therefore, are neutral as to transfer.

### 4.     Balancing of Private and Public Factors

In sum, three private factors discussed above are neutral; two weigh against transfer, but given little weight; and three favor transfer, one of them strongly. The public interest factors are neutral. Having weighed the factors, the Court concludes that transfer to the Western District of New York is appropriate, particularly in light of the greater access to evidence and convenience of the relevant witnesses. *See Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) (granting motion to transfer where transfer forum more convenient for witnesses and provided greater ease of access to evidence and events giving rise to action occurred in transfer forum). The Court, therefore, **GRANTS** Defendant's motion to transfer to the Western District of New York.

### C.     Motion to Dismiss

Because the Court grants Defendant's motion to transfer, the Court needs not address Defendant's motion to dismiss for lack of personal jurisdiction. Accordingly, Defendant's motion to dismiss is **DENIED** as moot.

UNITED STATES DISTRICT COURT   **JS-6 / TRANSFER**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-6029 DMG (AGRx) | Date | February 11, 2015 |
|---|---|---|---|

| Title | *SP Investment Fund I, LLC v. Harold D. Lowry, individually, and on behalf of the Estate of Mary E. Lowry* | Page | 12 of 12 |
|---|---|---|---|

## IV.
## CONCLUSION

In light of the foregoing, the Court orders that:

1.       SP's motion to remand is **DENIED**;

2.       Defendant's motion to transfer to the United States District Court for the Western District of New York is **GRANTED**; and

3.       Defendant's motion to dismiss for lack of personal jurisdiction is **DENIED** as moot.

**IT IS SO ORDERED.**