UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SP INVESTMENT FUND I LLC,

                              Plaintiff,

v.                                                 Case # 16-CV-6091-FPG

                                                     DECISION AND ORDER

SUSAN MOREHOUSE *as Executor of the Estate
of Harold D. Lowry* and DOES 1-10,

                              Defendants.
_____

## INTRODUCTION

This case arises out of a Purchase and Sale Agreement entered into by Harold D. Lowry, his wife's estate, and SP Investment Fund I LLC ("SP") on April 8, 2011. The agreement purports to transfer a 0.91665% interest in Newport Highlands Associates, a New York limited partnership, from Mr. Lowry and his wife's estate to SP for a purchase price of $2,300.

SP now brings this action against Defendant Susan Morehouse (Mr. Lowry's daughter and the executor of his estate) for breach of contract and conversion.[1] ECF No. 1-1. Among other things, SP seeks specific performance of the Purchase and Sale Agreement and over $145,000 in compensatory damages. *Id.* Morehouse, on the other hand, maintains that the Purchase and Sale Agreement is void and asserts various affirmative defenses in her answer to SP's complaint. ECF No. 39.

Morehouse and SP have each moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF Nos. 50, 73. However, the Court finds that the arguments put forth by both parties are not ripe for consideration at this stage of the litigation.

---

[1] SP has also sued Does 1-10, who have yet to be identified.

Because factual discovery that may impact the merits of the parties' motions is still ongoing, both motions are denied without prejudice.

## DISCUSSION

### I. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, the non-moving party may defeat a summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Absent a different time set by local rule or court order, a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). That being said, summary judgment is generally not appropriate until after some discovery has occurred. *Nelson v. Deming*, No. 6:13-CV-06252 EAW, 2015 WL 6452386, at *5 (W.D.N.Y. Sept. 30, 2015). In *Celotex*, the Supreme Court explained that the purpose of summary judgment is to allow for the disposition of a case "after adequate time for discovery" has elapsed. *Celotex*, 477 U.S. at 322. That is because summary judgment tests the sufficiency of the evidence, and the parties obtain evidence through discovery. *Perez v. Hume*, No. 14-CV-6349-FPG, 2017 WL 953204, at *2 (W.D.N.Y. Mar. 10, 2017) (citing *Celotex*, 477 U.S. at 322).

Indeed, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *Patton v. Gen. Signal Corp.*, 984 F. Supp. 666, 670 (W.D.N.Y. 1997) ("[P]re-discovery summary judgment remains the exception rather than the rule, and will be granted only in the clearest of cases.") (internal citations and quotations omitted). The Second Circuit has warned that "summary judgment should not be

granted while the party opposing judgment timely seeks discovery of potentially favorable information," as long as the request is "neither quixotic nor superfluous." *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir. 1983); *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment.") (citing *Celotex*, 477 U.S. at 326) (quotations in original).

**II.    Background**

Here, on April 26, 2016, Magistrate Judge Marian W. Payson ("Judge Payson") issued a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. ECF No. 48. That order indicated that discovery would be completed by October 31, 2016. *Id.*

On May 27, 2016, only a month after discovery had begun, Morehouse filed her motion for summary judgment. ECF No. 50. Morehouse argues that (1) California law applies to this dispute and (2) under California law, the Purchase and Sale Agreement is void because it was unlawful, impossible and/or impracticable for Mr. Lowry to transfer his interest in Newport Highlands Associates to SP. ECF No. 50-2. Specifically, Morehouse asserts that the Newport Highlands Associates Partnership Agreement ("Partnership Agreement") requires consent of the Operating General Partner[2] for such a transfer and that the Operating General Partner would not give the necessary consent. *Id.* Kimberly Burkhart, the Chief Financial Officer of Newport Highlands Associates, sent Mr. Lowry a letter indicating that the Operating General Partner would not consent. ECF No. 50-8. Anne Dyring Riley and Robert C. Grossman, attorneys for the Operating General Partner and Mr. Lowry respectively, each sent a letter to SP indicating the same. ECF Nos. 50-9, 50-11. Morehouse sent a letter to SP indicating the same and also stating that her father suffered from dementia. ECF No. 50-10. In her motion for summary judgment, Morehouse argues that "Lowry's dementia made his performance all the more impossible or

---

[2] The Operating General Partner of Newport Highlands Associates is LDC NH Corp. ECF No. 50-9.

impracticable, in light of communications from Ms. Burkhart, Ms. Riley, and Mr. Grossman advising him of the restriction of the transfer." ECF No. 50-2.

SP responded in part by arguing that Morehouse's motion for summary judgment was premature because SP had yet to obtain the discovery it needs to prosecute its case. ECF Nos. 62, 63. SP pointed out that it had yet to depose Burkhart or Morehouse, receive relevant documents regarding the terms of the Partnership Agreement, or conduct discovery regarding Mr. Lowry's mental state or his attempts to obtain consent from the Operating General Partner. ECF No. 63. With respect to the merits of Morehouse's motion, SP argued that New York law applies and that New York law permitted Mr. Lowry to transfer his *economic* interest in Newport Highlands Associates to SP. *Id.*

After filing her motion for summary judgment, Morehouse filed a motion to stay discovery while her dispositive motion was pending. ECF No. 53. Judge Payson initially denied that motion as to written discovery and reserved decision regarding depositions and discovery related to Mr. Lowry's state. ECF No. 61. On August 8, 2016, pursuant to the agreement of both parties, Judge Payson issued a second scheduling order. ECF No. 70. The second scheduling order indicated that discovery would be completed by January 17, 2017. *Id.*

On August 31, 2016, less than a month after Judge Payson issued the second scheduling order, SP filed a motion for partial summary judgment. ECF No. 73. SP asks the Court to determine that Mr. Lowry transferred his economic interest in Newport Highlands Associates to SP. *Id.* In support of its motion, SP argues that (1) California law requires that the Purchase and Sale Agreement be interpreted using New York law, (2) New York law differentiates between economic and legal interests in a partnership, (3) the Partnership Agreement in this case does not require consent from the Operating General Partner to transfer an economic interest, and (4) Mr.

4

Lowry validly agreed to transfer his economic interest in Newport Highlands Associates to SP. ECF No. 73-2.

Morehouse responded by asserting that SP's motion was improper and arguing that there are genuine disputes of material fact as to Mr. Lowry's mental capacity to contract and as to whether the Purchase and Sale Agreement was the product of mutual mistake.  ECF No. 74.

On January 23, 2017, after SP's motion for summary judgment was fully briefed, Judge Payson denied Morehouse's motion to stay discovery regarding Mr. Lowry's mental state and permitted the parties to begin conducting depositions.  ECF No. 80.  The most recent scheduling order indicates that fact discovery is still ongoing and will not be completed until June 1, 2017. ECF No. 78.

### III. Analysis

As should be clear from the foregoing, the Court cannot reach the merits of the pending motions for summary judgment.  Both motions rely significantly on Mr. Lowry's state of mind when entered into the Purchase and Sale Agreement with SP, and yet both motions were fully briefed before discovery on Mr. Lowry's mental state began.  *See* ECF Nos. 61, 80.  Both motions were also fully briefed before the parties could conduct any depositions, even though testimony from individuals such as Burkhart and Morehouse would be relevant to the parties' factual assertions.

To grant a motion for summary judgment under Rule 56, the Court must determine that there are no genuine disputes of material fact.  Fed. R. Civ. P. 56(a).  Without all of the relevant facts, the Court cannot determine whether a genuine dispute of material fact exists.  Therefore, the motions for summary judgment filed by Morehouse and SP must be denied without prejudice.

**CONCLUSION**

For the reasons stated above, the motions for summary judgment filed by Morehouse (ECF No. 50) and SP Investment Fund (ECF No. 73) are DENIED WITHOUT PREJUDICE. The parties may file renewed motions for summary judgment only after the close of discovery in this case.

IT IS SO ORDERED.

Dated: March 24, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court